# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LILLIE M. PERKINS** | * | **CIVIL ACTION NO. 05-1108** |
| **Versus** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Plaintiff, Lillie M. Perkins ("Perkins"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

Introduction

Perkins filed for disability insurance benefits in January 2003. She claimed she became disabled on April 1, 1999, due to high blood pressure; diabetes and complications; reflex sympathetic disorder (RSD); problems with toes, vision, asthma, heart, neck, memory loss, and depression. The claim was denied initially, and a request for a hearing was timely filed. At the time of her hearing before ALJ Charles R. Lindsay on June 3, 2004, Perkins was 44 years old. She has a twelfth grade education and four years of college with previous work experience as a kindergarten teacher. The ALJ denied benefits, and the Appeals council found no reason to

review the ALJ's decision. Perkins filed appeal for judicial review of the ALJ's decision.

Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the

SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities.  In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity.  If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry.  If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps.  At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted).  The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Analysis

Perkins filed this judicial appeal alleging three errors.  First, Perkins alleges that the ALJ failed to properly consider the medical opinion of her treating physician's, Dr. Charla Little (Dr.

3

Little). Second, Perkins alleges that the ALJ failed to evaluate Perkins' RSD in the manner set forth in Social Security Ruling 03-2p. Finally, Perkins claims the ALJ failed to explain his basis for not crediting Dr. S. Webb Sentell's (Dr. Sentell) opinion, or, at a minimum, that he mischaracterized Dr. Sentell's opinion.

### 1. Failure to Consider Dr. Little's Opinion

Perkins argues that the ALJ erred as a matter of law by failing to give proper weight to the opinion of her treating physician. The Fifth Circuit has "long held that 'ordinarily the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 2001)). Additionally, the Fifth Circuit stated:

> *when good cause is shown*, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence

*Greenspan*, 38 F.3d at 237 (emphasis added) (citing *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). 20 C.F.R. § 404.1527(d)(2) sets forth the weight to be given to treating source opinions. The SSA "will always give good reasons in [its] notice of determination or decision for the weight [given to a] treating source's opinion." 20 C.F.R. §§ 404.1527(d)(2) (2002); *see also Myers*, 238 F.3d at 621. Additionally, 20 C.F.R. §§ 404.1527(d) lists factors[1] that an ALJ must

---

[1]Specifically, this regulation calls for consideration of 6 factors:
(1) the physician's length of treatment of the claimant
(2) the physician's frequency of examination

consider when deciding what weight to give a treating opinion if that treating opinion is not given controlling weight. *See* 20 C.F.R. §§ 404.1527(d) (2002). The Fifth Circuit has held that "an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's specialist." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Failure to give great weight to the treating physician's opinion absent good cause for rejecting it constitutes disregard of applicable principles of law and is grounds for a remand. *Newton*, 209 F.3d at 455-6. The Commissioner concedes that the ALJ did not specifically address Dr. Little's findings or opinions in his ruling, but argues that the failure to address them is not grounds for reversal.

First, the Commissioner challenges Dr. Little's status as a treating physician. To be considered a treating physician for purposes of the regulations, a physician must have an "ongoing treatment relationship" with the patient. *See* 20 C.F.R. § 404.1502 (2006). Dr. Little treated Perkins at the LSU - E.A. Conway Family Practice Center five times from December 2001 through August 2003 for RSD, diabetes, back pain, and asthma. Tr. 189, 197, 226-27, 276-77, 281, 284. Five visits for the same ailments over a twenty month period qualifies as an "ongoing treatment relationship." Perkins sought treatment from Little for the ailments, not simply a medical opinion to support her claim of disability. This Court finds that Dr. Little qualifies as a treating physician.

Next, the Commissioner labeled Dr. Little's opinion as "brief and conclusory," thus

---

(3) the nature and extent of the treatment relationship
(4) the support of the physician's opinion afforded by the medical evidence of record
(5) the consistency of the opinion with the record as a whole; and
(6) the specialization of the treating physician

5

qualifying as a good cause exemption, which would allow the ALJ to give no credit to the treating physician's opinion. Dr. Little stated that Perkins suffered from "severe bilateral reflex dystrophy that cause severe pain and numbness" and that Perkins was unable to work. Tr. 226-27, 276-77, 281, 284. The record includes a letter detailing Perkins' medical condition as diagnosed by Dr. Little, Tr. 227, as well as numerous clinic notes with Dr. Little's diagnoses, Tr. 189, 197, 281, 284. This Court does not find the medical opinion presented in the record to be so "brief and conclusory" that the ALJ should not have addressed it.

Finally, the Commissioner argues the ALJ's failure to address Dr. Little's statements resulted in no prejudice to Perkin's substantial rights because the statements are not entitled to significant evidentiary weight. In Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit held that the Commissioner's failure to offer reasons for discrediting a treating physician's opinion in violation of 20 C.F.R.§ 404.1527(d) was not "harmless error" because the regulation conferred procedural rights upon individuals. *See Wilson*, 378 F.3d at 544-45. The undersigned agrees.

As the Fifth Circuit explained in *Newton*, "the ALJ's decision must stand or fall within the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455 (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n. 16 (10th Cir. 1985)). In the ALJ's decision, the ALJ failed to articulate any reasons for discrediting Dr. Little's opinion as a treating physician. The ALJ did not apply any of the § 404.1527(d) factors in his decision, and consequently, failed to articulate good cause for disregarding a treating physician's opinion, which resulted in a remandable error as a matter of law. See Newton, 209 F.3d at 455-6.

**2. Failure to evaluate Perkins' RSD in the manner set forth in SSR 03-2p**

Perkins also argues that the ALJ improperly evaluated her disability by crediting the opinion of Dr. Hebert over the consistent opinions of two treating physicians, Dr. Little and Dr. Carter. Social Security Ruling 03-2p[2] places special emphasis on the need to examine longitudinal records in RSD cases and to seek clarification from a treating source because of the transitory nature of RSD. SSR 03-2p orders adjudicators to consider longitudinal treatment records because "transient findings are characteristic of RSDS." 2003 WL 22399117, *4. Specifically, in the presence of conflicting evidence in the medical record, "clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources." *Id.* at *5.

In this case, the ALJ made a factual finding that Perkins suffered from RSD and determined this to be a medically determinable impairment that is "severe", presumably based on Dr. Little's and Dr. Carter's medical opinions.[3] Tr. 29. The ALJ found that Perkins' RSD did not "meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation no. 4." *Id.* At this stage, SSR 03-2p directs the ALJ to make an assessment of the claimant's residual functional capacity (RFC). 2003 WL 22399117, *7. Any information from a treating source on the individual's ability to function is important in enabling the adjudicator to draw a conclusion about the individual's RFC. Id. This Court finds that the ALJ did not improperly credit Dr. Hebert's opinion over those of Dr. Little and Dr. Carter because the ALJ made a

---

[2]SSR 03-2p explains the policies of the SSA for developing and evaluating claims for disability on the basis of Reflex Sympathetic Dystrophy Syndrome (RSD), also frequently referred to as Complex Regional Pain Syndrome, Type I. This syndrome is characterized by complaints of intense pain and typically includes signs of autonomic dysfunction.

[3] The only medical opinions in the record stating that Perkins suffered from RSD were the opinions of Dr. Little and Dr. Carter.

factual finding of RSD, something that Dr. Hebert did not diagnose in his examining opinion. However, the failure to address Dr. Little's opinion is again grounds for a remand.

### 3. Dr. Sentell's opinion

Finally, Perkins argues that the ALJ improperly rejected the examination report from psychologist Dr. Sentell. Relying on Dr. Sentell's report in the RFC assessment, the ALJ found that Perkins had "moderate" limitations in her ability to maintain concentration and attention for extended periods of time, setting realistic goals or making plans independently of others, and sustaining an ordinary routine without special supervision. Tr. 26. The ALJ defined "moderate" as "meaning that there are some moderate limitations, but the person can perform the task satisfactorily." Tr. 316. Although the language differs slightly, the ALJ's language is consistent with Dr. Sentell's opinion that he "would rate her attention and concentration as adequate for most basic tasks at this time, but may be inadequate for tasks requiring sustained concentration and attention." Tr. 233. The undersigned finds that the ALJ's RFC assessment does not conflict with Dr. Sentell's opinion.

## Conclusion

**For the reasons stated above, it is recommended that the Commissioner's decision to deny benefits be REVERSED and REMANDED for further proceedings as outlined in this ruling.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or

8

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of July, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE