# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LILLIE M. PERKINS** | * | **CIVIL ACTION NO. 05-1108** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed Motion for Attorney's Fees filed by plaintiff, Lillie M. Perkins ("Perkins"). (Document No. 11). For reasons stated below, it is recommended that the motion be **GRANTED and that the Commissioner be ordered to pay to plaintiff's attorney out-of-pocket costs in the amount of $339.35 plus attorney's fees in the amount of $3,800.00 (30.4 hours at $125.00 per hour), for a total fee and cost award of $4,139.35.**

## BACKGROUND

The Commissioner denied Perkins' application for social security disability benefits on August 24, 2004. Perkins appealed the denial to this Court and filed a brief in support of his petition; the Commissioner responded. On August 14, 2006, the Court granted Perkins' appeal and reversed and remanded the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Document No. 10).

Perkins now presents a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). It is recommended that Perkins' motion be granted.

Entitlement to Award

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the

government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). It is recommended that an award be granted.

Hourly Rate

Perkins' requests that this Court award attorney's fees at $125.00 per hour. In accordance with 28 U.S.C. § 2412(d)(2)(A)(ii), the undersigned finds that, in the relevant legal community, a rate of $125 per hour is a reasonable attorney fee for this case.

Compensable Hours and Total Award

Perkins' counsel has submitted itemized time sheets that indicate a total of 30.4 hours of attorney time dedicated to the appeal and the fee application. He has also submitted evidence supporting his claim for costs in the total amount of $339.35. The Court finds the claimed time and costs to be reasonable under the circumstances.

Thus, it is recommended that Perkins' Motion for Attorney's Fees be **GRANTED**, **and that the Commissioner be ordered to pay to plaintiff's attorney out-of-pocket costs in the amount of $339.35 plus attorney's fees in the amount of $3,800.00 (30.4 hours at $125.00 per hour), for a total fee and cost award of $4,139.35.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of December, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE